IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID REYES,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER SOTELO, et al.,<br><br>    Defendants. | No. C 11-2747 YGR (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SETTING NEW BRIEFING SCHEDULE**<br><br>(Docket No. 11) |

## **INTRODUCTION**

On June 7, 2011, Plaintiff David Reyes, a state prisoner currently incarcerated at Mule Creek State Prison ("MCSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging constitutional violations that occurred in 2006 at Salinas Valley State Prison ("SVSP"), where he had been previously incarcerated. Plaintiff alleges that Defendants SVSP Correctional Sergeant Sotelo ("Sotelo") and SVSP Correctional Officer Luna ("Luna") violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force, withholding food, and exposing him to unhealthy living conditions. The Court issued an Order of Service on July 1, 2011, finding cognizable Eighth Amendment claims against Defendants. (Docket No. 3.)

Before the Court is Defendants' motion to dismiss for failure to state a claim on the ground that the action is barred by the applicable statute of limitations. (Docket No. 11.) Plaintiff has filed his opposition, and Defendants have filed their reply. (Docket Nos. 14, 16.) Having read and considered the papers submitted by the parties, the Court DENIES Defendants' motion to dismiss and directs the parties to abide by the new briefing schedule outlined below.

# BACKGROUND

## I. Eastern District Case

On January 24, 2011, Plaintiff filed a separate lawsuit in the United States District Court for the Eastern District of California, Case no. 11-CV-00219-GEB-GGH, which also listed Defendant Sotelo as violating Plaintiff's Eighth Amendment rights while he was incarcerated at SVSP. It is unclear whether the alleged violations involving Defendant Sotelo arose from the same occurrences as the alleged constitutional violations in the present case, and, at this time, this Court need not make that determination. On April 20, 2011, Eastern District Magistrate Judge Gregory G. Hollows issued an Order in Case no. 11-CV-00219-GEB-GGH dismissing Plaintiff's complaint with leave to file an amended complaint and directing that he bring all claims that occurred at SVSP in the Northern District. On October 4, 2011, Eastern District Judge Garland E. Burrell, Jr. signed an order dismissing Plaintiff's complaint in full.

## II. Factual Background for Present Case

Plaintiff alleges that in March 2006 he asked Defendant Sotelo for legal papers relating to a drug possession charge against Plaintiff in Amador County. (Compl. at 3.) Defendant Sotelo opened Plaintiff's tray slot, sprayed pepper spray into the cell, on the walls, ceiling, floor, sink and toilet, and then closed the tray door. (*Id.*) Plaintiff suffered pain in his lungs, had breathing difficulty, could not see, and lost consciousness. (*Id.*) Defendant Sotelo returned half an hour later, ordered Plaintiff to get to his knees, and then shackled and handcuffed him. (*Id*. at 4.) Once Plaintiff was shackled, Defendants Sotelo and Luna struck and kicked him in the torso until he lost consciousness, causing bruising and cuts. (*Id.*) They returned Plaintiff to his cell, where everything had been removed and asked him if he was "going to keep running [his] mouth." (*Id.*)

Defendants left Plaintiff in his cell with nothing but his underwear and with no running water for approximately two and a half weeks. (*Id.* at 5.) Defendants also withheld food from Plaintiff for two and a half weeks. (*Id.*) Eventually, a psychiatric technician arrived, and the poor condition of Plaintiff's cell was remedied. (*Id.*) Thereafter, on two separate occasions, Plaintiff attempted to file an administrative grievance regarding Defendants' conduct, but Defendant Sotelo destroyed Plaintiff's grievance forms. (*Id.* at 6.)

# LEGAL STANDARD

## I. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A statute of limitations defense may be raised by a motion to dismiss if the running of the relevant statute of limitations is apparent on the face of the complaint. *Ledesma v. Jack Stewart Produce*, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987). When a motion to dismiss is based on the running of a statute of limitations, the motion can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted).

## II. Statute of Limitations

The appropriate period for claims brought under § 1983 is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The relevant statute of limitations in California for personal injury actions is the two-year period set forth in California Civil Procedure Code § 335.1 -- the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

Federal law determines when a cause of action accrues and when the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Federal law, not state law, determines when an action "commences" for purposes of the statute of limitations and federal law tells how to compute the time for purposes of determining when an action is commenced where the underlying cause of action is federal. *Sain v. City of Bend*, 309 F.3d 1134 at 1136-37 (9th Cir. 2002). Thus, an action in federal court containing a federal cause of action such as a § 1983 claim is commenced by filing a complaint with the court.

*See id.* (citing Fed. R. Civ. P. 3).

A federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986). California Civil Procedure Code § 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however, the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.* Thus, an inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two-year period under California Civil Procedure Code § 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. Here, Plaintiff's arrest and incarceration trigger tolling under California Civil Procedure Code § 352.1. *See Elliott*, 25 F.3d at 802-03.

Also potentially relevant is California Civil Procedure Code § 352(a) which provides for tolling if the person is insane at the time the cause of action accrued. For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (1968); *cf. Feeley v. Southern Pac. Trans. Co.*, 234 Cal. App. 3d 949, 952 (1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period). The disability of insanity must exist at the time the cause of action accrues in order to toll the limitations period. Cal. Civ. Proc. Code § 357. Under California law, once the cause of action has accrued and the statute has begun to run, no later disability can suspend it. *Larsson v. Cedars of Lebanon Hosp.*, 97 Cal. App. 2d 704, 707 (1950).

Separate disabilities, each worthy of tolling, occurring simultaneously cannot be tacked together to toll the statute of limitations. *Rose v. Petaluma & Santa Rosa Ry. Co.*, 64 Cal. App. 213, 217 (1923) ("[I]t is a settled rule of construction that the exemption period cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be

4

1 tacked upon the first disability so as to prevent the operation of the statute.") *disapproved on other*
2 *grounds in Harris v. Industrial Accident Comm'n of Cal.*, 204 Cal. 432, 438 (1928).

## DISCUSSION

As mentioned above, Plaintiff claims that in March 2006 Defendant Sotelo pepper-sprayed him and that thereafter Defendants Luna and Sotelo withheld food and running toilet water from Plaintiff for another two and a half weeks. (Compl. at 6-7.) Defendant Sotelo then allegedly destroyed Plaintiff's administrative grievance a week after the psychiatric technician remedied Plaintiff's poor cell condition. (*Id.* at 6.) At the very latest these alleged constitutional violations would have ended three and a half weeks into April 2006 -- considering that the latest date the original pepper spraying incident could have taken place was on March 31, 2006.

Under California Civil Procedure Code § 335.1, Plaintiff was required to bring the original claim for the violation of his rights within two years of the occurrence (March or April, 2006) plus an additional two years of tolling under California Civil Procedure Code § 352.1 (incarceration, explained *supra*). Thus, barring any other applicable tolling, Plaintiff was required to bring all of his claims against Defendants Sotelo and Luna by April 2010, that is, within four years after the date of the alleged violations. Here, Plaintiff filed the present complaint on June 7, 2011, more than five years after the alleged occurrence. In addition, he filed his previous complaint in the Eastern District on January 24, 2011, also more than four years later. Both complaints were filed significantly past the time period allowed under the statute of limitations.

Nevertheless, the present complaint could be timely if Plaintiff can prove that the statute was tolled on some other basis. The issue in the present case is whether the insanity tolling provision explained above applies. The parties dispute whether Plaintiff is entitled to the tolling allowed under the tolling provision for insanity due to his mental condition. Given the procedural posture of this case, the Court cannot determine yet whether Plaintiff was insane. Rather, the Court must assess whether "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682.

Reading Plaintiff's complaint and his opposition to Defendants' motion to dismiss with the required liberality, the Court finds that the allegations are such that Plaintiff could possibly prove

5

that the statute was tolled. In his complaint, Plaintiff alleges that he was suffering from an incapacitating mental illness *at the time the cause of action accrued*, stating that at all relevant times mentioned in this complaint, the California Department of Corrections and Rehabilitation ("CDCR") "found Plaintiff had a qualifying mental disorder severe enough to include him in the 'Mental Health Services Delivery System, MHSDS,' at the 'Clinical Case Management, CCCMS,' level of mental health needs." (Compl. at 2.) In his opposition, Plaintiff specifically argues that the limitations period should be further tolled under California Civil Procedure Code § 352(a) due to his "insanity." (Opp'n at 2.) Plaintiff claims that he suffered from an incapacitating mental illness at the time his civil rights were violated at SVSP in March or April, 2006 and that his mental illness continued until July 2010, when he finally "could recognize that the [D]efendants violated his civil rights." (*Id.*) As explained above, under California Civil Procedure Code § 357, Plaintiff must have been "insane" at the time the cause of action accrued because "incompetency occurring later would not have interrupted [the statute of limitations'] operation." *Larsson*, 97 Cal. App. 2d at 707. The incompetency must also have been continuous barring any specific "saving qualification in the statute" because the general rule is that "when a right of action has accrued . . . the period of limitations begins to run, and it will continue to run notwithstanding any subsequent disability." *See Rose*, 64 Cal. App. at 217.

Tolling for Plaintiff's two concurrent disabilities (his incapacitating mental illness and incarceration) cannot run consecutively to extend the limitations period. *Id.* Analyzed separately, the two years of tolling to which Plaintiff was entitled for his incarceration would not be enough to demonstrate that Plaintiff's June 7, 2011 complaint was filed timely. Next, the Court considers Plaintiff's claim that his incapacitating mental illness tolled the limitations period.

Plaintiff must be able to demonstrate that his alleged incapacitating mental illness existed at the time of the occurrence and was continuous thereafter. Because personal injury claims must be brought within the two-year limitations period, Plaintiff's complaint would be timely as long as he shows he suffered from such an illness from March or April, 2006 (the date of the incident) until June 7, 2009 (two years prior to the filing of the present complaint).

To support his tolling argument based on the disability of "insanity," Plaintiff presented the

6

Court with Mental Health Assessments, dating from November 2004 until September 2010, diagnosing him with depression and anxiety disorder and acknowledging that he received medical treatment for his mental health issues. (Opp'n, Exs. 1-6.) The Court has reviewed Plaintiff's exhibits, which are attached to his opposition, and now includes below a summary of his mental health issues from November 7, 2004 through July 2010:

On November 7, 2004, a Mental Health Assessment & Treatment Setting Transfer conducted while Plaintiff was incarcerated shows that he had received Prozac within the previous two years and that he was diagnosed with "depressive disorder" and "adjustment disorder with depressed mood." (Opp'n, Ex. 1, Nov. 7, 2004 Assessment at 3.) A Treatment Plan Update conducted at MCSP on September 2, 2005 described Plaintiff as suffering from "mood instability" and "depression" and listed him as being prescribed anti-depressants. (*Id.*, Ex. 2, Sept. 2, 2005 Update at 1.) A Treatment Plan Update from MCSP dated April 20, 2006, possibly during the time frame where the cause of action for his claims in the present case accrued, implies that Plaintiff used antipsychotic medications for depression and anxiety. (*Id.*, Ex. 2, Apr. 20, 2006 Update at 1.) A Mental Health Assessment dated June 7, 2006, and written for SVSP, lists Plaintiff as having "adjustment disorder with depressed mood," "phencyclidine dependance," and receiving Seroquel and Prozac. (*Id.*, Ex. 2, June 7, 2006 Assessment at 1.) In that assessment, Plaintiff described himself as having "symptoms of depression and anxiety [as well as] auditory hallucinations." (*Id.*) A Treatment Plan Update from MCSP on July 20, 2006 lists Plaintiff as receiving antipsychotic medication and suffering from situational anxiety. (*Id.*, Ex. 2, July 20, 2006 Update at 1.) A January 23, 2007 Treatment Plan Update lists Plaintiff as having depression, polysubstance dependence, and adjustment disorder with anxiety. (*Id.,* Ex. 4, Jan. 23, 2007 Update at 1.) A February 14, 2007 Mental Health Assessment re-diagnosed Plaintiff with polysubstance dependence, adjustment disorder with depression and anxiety, and antisocial personality disorder with narcissistic features. (*Id.*, Ex. 4, Feb. 14, 2007 Assessment at 1.) An October 11, 2007 Treatment Plan Update provided new information about Plaintiff's diagnoses and noted that he was on medication without specifically listing the medications. (*Id.*, Ex. 4, Oct. 11, 2007 at 1.) Mental Health Interdisciplinary Progress Notes from February 15, 2008 describe Plaintiff as having anxiety. (*Id.*, Ex. 2, Feb. 15,

7

2008 Notes at 1.) Chronological Interdisciplinary Progress Notes on a follow-up psychiatric evaluation from MCSP on June 23, 2009 discuss Plaintiff's "meds" and refer to him as a depressive who is "fairly stable." (*Id.* at Ex. 4, June 23, 2009 Notes at 1.) Interdisciplinary Progress Notes from MCSP on August 21, 2009, on October 22, 2009, and on November 20, 2009 make note of Plaintiff's depression and anxiety. (*Id.,* Ex. 5, Aug. 21, 2009 Notes at 1, Oct. 22, 2009 Notes at 1, Nov. 20, 2009 Notes at 1.) Interdisciplinary Progress Notes from MCSP on September 8, 2010 (after July, 2010 when Plaintiff claims his incapacitating mental illness subsided) describe Plaintiff as "calm" and "cooperative." (*Id.*, Ex. 6, Sept. 8, 2010 Notes at 1.) After July 2010, Plaintiff "brought in legal paperwork for [his] [doctor] to peruse," but Plaintiff was still receiving "Benadryl 25 mg qhs" and "Venlafaxine ER 225 mg qam" for his depression and insomnia. (*Id.*)

The Court finds that Defendants, in their reply to Plaintiff's opposition, fail to show how the allegations in the complaint and opposition would not permit Plaintiff to prove that the statute was tolled. Instead, Defendants merely state that Plaintiff only "offers his lay opinion that he suffered a mental illness that prevented him from timely filing this lawsuit." (Reply at 2.) In his complaint and opposition, Plaintiff states allegations supporting his tolling claim based on his incapacitating mental illness. He also attaches several medical records documenting years of treatment for depression and anxiety. Plaintiff's complaint and his opposition must be "read with the required liberality." If such a reading would permit him to prove that the limitations period could be tolled based on his incapacitating mental illness, the Court cannot grant Defendants' motion to dismiss. *Jablon*, 614 F.2d at 682 (holding complaint may not be dismissed on statute of limitations grounds where allegations therein, when read with required liberality, would permit plaintiff to prove statute was tolled).

Based on the record before the Court, Plaintiff may be able to show tolling well beyond the limit of June 7, 2009, and thus, a June 7, 2011 complaint for personal injuries may have been timely filed. In sum, the Court finds that Plaintiff might be able to prove facts consistent with his allegations of an incapacitating mental illness that would require the tolling of the limitations period based on insanity under Cal. Civ. Proc. Code § 352(a). It may be that the evidence will not support

8

Plaintiff's allegations.  However, that issue must be addressed in a motion for summary judgment or at trial -- where the Court is not limited to consideration of the pleadings.  Accordingly, Defendants' motion to dismiss is DENIED.

## **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Defendants' Motion to Dismiss for Failure to State a Claim is DENIED.

2. In order to expedite the resolution of this case, the following new briefing schedule for dispositive motions is set:

a. No later than **sixty-three (63) days** from the date of this Order, Defendants must file and serve a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty-three (63) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

9

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.        Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

        d.        The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.        Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

4.        This Order terminates Docket No. 11.

IT IS SO ORDERED.

DATED:   July 20, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**