IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID REYES,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER SOTELO, et al.,<br><br>    Defendants.<br>_____ / | No. C 11-2747 YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br><br>(DOCKET NOS. 34, 37) |

    This is a civil rights case filed pro se by a state prisoner that was closed on July 10, 2013. Plaintiff has filed a motion for reconsideration that the court will construe as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

    A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

    Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

    A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not

1  abuse its discretion in denying reconsideration where question whether it could enter
2  protective order in habeas action limiting Attorney General's use of documents from trial
3  counsel's file was debatable).

4  Courts construing Rule 59(e), have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id*.

9  In this case, the Court granted Defendants' motion for summary judgment finding that Plaintiff's action was barred by the statute of limitations and there was insufficient evidence to support Plaintiff's claim for tolling based on his alleged insanity.  In this motion for reconsideration, Plaintiff merely repeats the arguments from his prior filings and states he suffers from a mental defect and was at the mercy of other inmates to assist in his legal filings.  The Court has already analyzed Plaintiff's allegations in detail and denied them.  The only new fact Plaintiff presents is a conclusory statement that he was delayed in filing this action due to numerous transfers between prisons and delays in receiving his legal documents.  Plaintiff provides no other details to support this assertion and regardless, he could have presented this argument in the briefing for the motion for summary judgment.  Plaintiff's contentions are insufficient to warrant relief as he has failed to demonstrate clear error.  Plaintiff's motions for reconsideration (Docket nos. 34, 37) are DENIED.

IT IS SO ORDERED

DATED   October 11, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**